UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY BRAWNER<br>also known as<br>ANTHONY D. BARBER, | )<br>)<br>)<br>) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 15-0353 (TSC) |
| | ) | |
| J.E. THOMAS, | )<br>) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner, proceeding *pro se*, seeks a writ of habeas corpus.  He challenges his 2005 conviction in the Superior Court of the District of Columbia on the grounds of actual innocence, double jeopardy, and ineffective assistance of counsel.  *See* Pet. for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ¶ 13 (ECF No. 1).[1]  As the basis for each ground, petitioner posits that D.C. Superior Court lacked jurisdiction over the charges of "carjacking-kidnapping" because the crime "took place in the State of Maryland," which charged petitioner with the same crime.  (*Id*.)  Petitioner seeks "to reverse the judgment," to "take back the guilty plea," and to "remand the case for a trial."  (*Id*. ¶ 15.)  For the reasons explained below, the Court finds that it lacks jurisdiction over the petition.  Consequently, this case will be dismissed.

---

[1]   As a prisoner at the United States Penitentiary in Lewisburg, Pennsylvania, petitioner properly filed his § 2241 habeas application in the U.S. District Court for the Middle District of Pennsylvania.  That court, realizing that petitioner is challenging a District of Columbia conviction, construed the petition as brought under 28 U.S.C. § 2254 and transferred it to this court.  *See* Report and Recommendation (ECF No. 5).  Because, as will be discussed, petitioner has an adequate post-conviction remedy under District of Columbia law to challenge his conviction, he cannot obtain relief under § 2254.

Unlike prisoners convicted in state courts or in a United States district court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted). Thus, "[i]n order to collaterally attack his sentence [or conviction] in an Article III court[,] a District of Columbia prisoner faces a hurdle that a federal prisoner does not." *Byrd v. Henderson*, 119 F.3d 34, 37 (D.C. Cir. 1997).

District of Columbia prisoners may challenge their convictions collaterally by filing a motion in Superior Court pursuant to D.C. Code § 23-110, which has been described as "a remedy analogous to 28 U.S.C. § 2255" for attacking a federal conviction. *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). *See Byrd*, 119 F.3d at 36-37 (explaining that "[s]ince passage of the Court Reform Act [in 1970], . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court- the Superior Court-pursuant to D.C. Code § 23 110"); *accord Ibrahim v. United States*, 661 F.3d 1141, 1142 (D.C. Cir. 2011) (stating that "the availability of relief by motion under § 23-110 typically precludes the challenger from seeking habeas relief in federal court").

Section 23-110 of the D.C. Code states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g).  The Court of Appeals has interpreted that language as "divest[ing] federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)."  *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009).  The grounds supporting the instant petition are specifically identified as grounds for relief under § 23-110, *i.e.*, "(1) the sentence was imposed in violation of the Constitution of the United States" and "(2) the court was without jurisdiction to impose the sentence."  *Id*. § 23-110(a).  *See Saunders v. United States*, 72 F. Supp. 3d 105, 109 (D.D.C. 2014) ("An ineffective assistance of trial counsel claim . . . is cognizable under § 23-110, as are claims [of trial error] arising from alleged prosecutorial misconduct and imposition of an illegal sentence.") (citations omitted)).  Consequently, petitioner has no recourse in this Court to challenge his D.C. conviction.

## CONCLUSION

For the foregoing reasons, this case seeking a writ of habeas corpus is dismissed for want of jurisdiction.  An Order is issued separately.

Date:  February 4, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge